UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE GOVAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SEAN WHENT, et al.,<br><br>　　　　Defendants. | Case No. 3:18-cv-07809-WHO<br><br>**ORDER DISMISSING CASE WITH PREJUDICE**<br><br>Re: Dkt. No. 13 |

Plaintiff Lonnie Govan, dba E One Entertainment, brings suit based on the allegedly discriminatory and retaliatory conduct of defendants the City of Oakland and police chief Sean Whent (collectively, "Oakland"). He argues that he was forced to close his nightclub in Oakland in December 2016 after Oakland suspended his cabaret license in May of that year. Before me is Oakland's motion to dismiss the complaint. Because the statute of limitations has run on Govan's claims, I will grant the motion and dismiss with prejudice.

**BACKGROUND**

Govan initiated this action on December 30, 2018. Complaint ("Compl.") [Dkt. No. 1]. According to the complaint, beginning in 2012 or 2013, Govan and his parents, who are African American and Mexican American, began operating a nightclub at 200 Hegenberger Road in Oakland. *Id.* ¶¶ 8, 10. They had a cabaret and liquor license. *Id.* ¶ 8. Early on during their operation of the club, Oakland police officers who stopped by the business would "act in a very disrespectful manner" toward the Govans, asking questions "in an interrogative manner." *Id.* ¶¶ 9–10. One white officer told Govan's mother that "he would make sure the Business was shut down." *Id.* ¶ 10. The Govans continued to operate the business successfully despite "feeling animus toward them" from officers who visited it. *Id.* ¶¶ 11–12.

In December 2015, someone was killed near the club. *Id.* ¶ 13. Officers investigating the shooting informed Govan that they believed the victim had been at the club prior to being shot. *Id.* The city later asked the Govans to attend a meeting during which city employees "expressed concerns about the Business, as if the December 2015 shooting was somehow caused by the Business, which it was not." *Id.* ¶ 14. At the meeting, the Govans shared their view that the police department and city were "targeting them out of spite." *Id.*

Another shooting occurred on Hegenberger Road on April 30, 2016, and investigating officers listed the club as the location of the shooting despite the fact that it allegedly occurred half a mile away. *Id.* ¶ 15. On May 6, 2016, Whent suspended the club's cabaret license. *Id.* ¶ 16. A hearing took place in Oakland City Hall later that month. Compl. ¶ 17. Govan "did everything possible to have his license re-instated," including informing the city that the April shooting had in fact occurred far from the club. *Id.* ¶¶ 17–18. He entered into a settlement agreement with the city with the goal of getting the cabaret license reinstated, and he complied with all of its terms. *Id.* ¶ 19. Nonetheless, Oakland did not reinstate the license. *Id.*

Govan alleges that the city's actions were "connected to racial animus by and between Oakland Police Department officers." *Id.* ¶ 20. The actions were also undertaken "for the purpose of benefitting a third-party" who had an interest in the property. *Id.* ¶ 21. The city targeted Govan "without any legitimate purpose" and "in retaliation for his staff raising concerns about discrimination after the December 2015 shooting." *Id.* ¶¶ 23–24. On December 31, 2016, Govan "shut down his business and lost the lease . . . due to Defendants' actions." *Id.* ¶ 22. He has suffered economic and non-economic harms as a result. *Id.* ¶ 25.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**DISCUSSION**

Govan brings claims under 42 U.S.C. Section 1983 for violations of the First and Fourteenth Amendments to the United States Constitution.[1] Oakland moves to dismiss the claims on the grounds that (i) they are bared by the statute of limitations, (ii) they are inadequately pleaded, (iii) there are insufficient allegations to support *Monell* liability against the city, and (iv) Whent is entitled to qualified immunity. *See* Motion to Dismiss ("MTD") [Dkt. No. 13]. I will dismiss the complaint because the statute of limitations bars the claims.

The state statute of limitations for personal-injury torts determines the statute of limitations for Section 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The parties agree that personal injury actions under California law must be brought "within two years after the cause of action arose." *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388. "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*,

---

[1] Govan indicated in his opposition that he wished to dismiss the Fifth and Fourteenth Amendment claims. Oppo. 1.

3

370 F.3d 945, 955 (9th Cir. 2004) (internal quotation marks and citation omitted).

The parties agree that because Govan filed his complaint on December 30, 2018, the statute of limitations bars claims that arose before December 30, 2016. Oakland asserts that the causes of action accrued on May 6, 2016 when Govan's cabaret license was suspended. MTD 9–10. Govan counters that December 31, 2016 is the date on which his claims accrued because he suffered the "last harm . . . as a result of defendant's actions" when he closed the business. Oppo. 5.

Contrary to Govan's theory, the accrual date is measured from the first harm that results from a wrongful act, "even though the full extent of the injury [was] not then known or predictable."[2] *See Wallace*, 549 U.S. at 391 (noting that the statute of limitations begins to run "when the wrongful act or omission results in damages") (internal quotation marks and citation omitted). As described in the complaint, the claims are based on Oakland's discriminatory and retaliatory suspension of the cabaret license. Even assuming that Govan could prove that Oakland's actions caused the club's December closure, the statute of limitations for these claims began to run on May 6, 2016, when Oakland issued the suspension notice and Govan had a "complete and present cause of action." *See Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of California*, 522 U.S. 192, 195 (1997) (internal quotation marks omitted).

Even if Govan could show that any conduct giving rise to liability falls within the statute of limitations period, he could not base his claims on any pre-December 30 conduct because the allegations do not constitute a "continuing violation." *See* Oppo. 5–6. Under Section 1983, a plaintiff can pursue claims that would otherwise be barred by alleging "a series of related acts against one individual, or . . . a systematic policy or practice of discrimination." *Gutowsky v. Cty. of Placer*, 108 F.3d 256, 259 (9th Cir. 1997). At least one of the related acts must fall within the limitations period. *Id.* "A mere continuing *impact* from past violations is not actionable." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (emphasis in original) (internal quotation marks omitted) (noting that a cause of action accrued when the plaintiff received a "permanent and

---

[2] Goven's citations to state law are inapposite because federal law governs the accrual date of a Section 1983 action. *See Wallace*, 549 U.S. at 388.

4

complete suspension letter," and subsequent denials of access were "nothing more than the delayed, but inevitable, consequence"). The fundamental problem with Govan's continuing violation theory is that no acts occurred within the statute of limitations period. Even if one did, the allegations in the complaint—which complain of conduct in December 2015, April 2016, and May 2016—are far from sufficient to establish a continuing violation. *See* Compl. ¶¶ 13–17.

If the statute of limitations did not bar Govan's claims, I would still dismiss them because they are inadequately pleaded. In addition, Govan did not oppose Oakland's argument that Whent is entitled to qualified immunity.[3] In light of the allegations in the complaint, Govan cannot plead around the statute of limitations; the dismissal is with prejudice.

## CONCLUSION

For the reasons set forth above, the complaint is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: August 19, 2019

William H. Orrick
United States District Judge

---

[3] Oakland requests judicial notice of certain municipal codes, the notice of cabaret suspension, the settlement agreement, a May 6, 2018 complaint by Govan alleging the same conduct, and orders dismissing that complaint for failure to prosecute. *See* Defendants' Request and Supplemental Request for Judicial Notice [Dkt. Nos. 13-1, 15-1]. I did not rely on these documents in resolving the present motion; the request is DENIED AS MOOT.

5